**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ulysee CORE, Defendant-Appellant.**

**No. 75–1717.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1976.

Decided March 22, 1976.

---

William T. Huyck, Chicago, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Joel V. Merkel, Asst. U. S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

* The Hon. Julius J. Hoffman, United States District Court for the Northern District of Illinois, is sitting by designation.

** Rule 32(a)(1) provides:
   "Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the

Before TONE and BAUER, Circuit Judges, and HOFFMAN, Senior District Judge.*

BAUER, Circuit Judge.

The issue presented on this appeal is whether the defendant Ulysee Core was denied a right of allocution ** under Rule 32(a)(1) of the Federal Rules of Criminal Procedure before being sentenced.

The facts of the case show that the defendant was indicted for possession of stolen mail in 1973 and pleaded guilty to a lesser charge of falsely impersonating the payee of a federal obligation. He received a five year sentence which was suspended in lieu of a five year probationary period. At the time of this original sentence the defendant was given his right of allocution. As the transcript indicates, the trial judge asked of Mr. Core, "Sir, do you have anything you would like to say in your own behalf?" Core replied, "No, sir."

Subsequently, in March of 1975, a petition was filed by the probation officer before the same judge seeking to have Core's probation revoked. The government charged that the defendant was arrested on numerous occasions and that he had been convicted in state court on two charges of deceptive practices and fraudulent use of a credit device. In addition, the government asserted that the defendant failed to report the arrests and failed to make the required periodic visits to his probation officer.

At the revocation hearing the defense called Robert Biby, an agent of the Illinois Bureau of Investigation, who testified about the defendant's work as an informant for the Bureau. He pointed out that the defendant's house had been burned and that Core had been threatened after the Bureau made certain arrests. Biby advised

defendant or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment."

the defendant to move out of the area for his own safety.

The defendant also testified at the probation revocation hearing. He admitted the convictions the government alleged and he testified about his role as an informant and the threats made against him. At the conclusion of the hearing the trial judge revoked probation and reinstated the original five year sentence.

The law is clear that the trial judge must address a defendant personally and ask him if he wishes to make a statement in his own behalf before imposing a sentence. In *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) the Supreme Court stated that:

"Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."

And Justice Black, in a concurring opinion, states:

"I agree that Federal Criminal Rule 32(a) makes it mandatory for a federal judge before imposing sentence to afford every convicted defendant an opportunity to make, in person and not merely through counsel, a statement in his own behalf presenting any information he wishes in mitigation of punishment and that failure to afford this opportunity to the defendant personally makes a sentence illegal."

This Court has previously remanded a case wherein there was a failure to comply with Rule 32(a)(1). *United States v. Van Drunen*, 501 F.2d 1393 (7th Cir. 1974).

In the instant case the trial judge complied with Rule 32(a)(1) at the time of the original sentencing. Now, however, the question is presented as to whether Rule 32(a)(1) applies in a probation revocation proceeding. In our opinion the trial judge's comments indicate that he was quite familiar with the history of the case and his order was simply to reinstate the original five year sentence previously suspended in favor of probation. Rule 32(a)(1) does not specifically mention probation revocation hearings but only requires the right of allocution be given before imposing sentence. We interpret the rule to mean that allocution is *required* only before imposing the original sentence. Thus we do not believe Judge Foreman erred in not personally addressing the defendant before revoking probation and reinstating the original five year sentence. However, we believe the better practice would be for the trial court to personally address the defendant and permit him to speak regardless of whether it is at the time of original sentencing, at a hearing on a motion to reduce a sentence previously imposed, or, as in this case, at a revocation of probation proceeding. We urge this procedure upon the various district courts of this Circuit.

The defendant has also alleged that the trial judge relied upon a misconception of the facts. The record shows that the judge stated, ". . . I think one thing that's just unforgiveable is your participation in taking funds from a little old lady. I can't see you participating in withdrawing those funds from that account—that's too much." Apparently the formal charges presented by the prosecutor only mentioned that the defendant was in possession of a passbook belonging to an elderly woman. The bank teller testified that the book was presented to her by the defendant. There was no evidence or proof that the defendant had actually withdrawn funds from the account. Nevertheless, we believe there was sufficient evidence presented at the hearing, in addition to the attempted withdrawal of funds from the savings account, to support the trial judge's revoking of probation—and the evidence surely established that the defendant attempted to "take funds from a little old lady."

AFFIRMED.