**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frederick Renoir COFFEY,
Defendant–Appellant.**

No. 88–1532.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1989.

Decided March 28, 1989.

Donald A. Davis, Asst. U.S. Atty. (argued), Grand Rapids, Mich., for U.S.

Anthony J. Valentine (argued), Grand Rapids, Mich., for Coffey.

Before MILBURN and BOGGS,
Circuit Judges, and CONTIE, Senior
Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendant Frederick Coffey appeals from the judgment of the district court revoking his probation and resentencing him to ten years in prison. Appellant argues that the case should be remanded for resentencing because he was not afforded the right of allocution[1] and because he was not told of the consequences of the violation of his parole. For the following reasons, we affirm the judgment of the district court.

I.

On March 12, 1986, appellant was charged in a fourteen count indictment with forging, uttering and publishing seven United States Treasury checks. Appellant plead guilty to one count of forgery and one count of uttering and publishing on June 17, 1986. On July 23, 1986, appellant was sentenced to two years of custody on one count and three years of probation on the other count. The period of probation commenced upon his release from confinement.

On April 20, 1987, appellant was released from confinement at the Federal Medical Center in Rochester, Minnesota. Upon his release, appellant signed a Conditions of Probation form which indicated that possession of a firearm was prohibited and that a violation of the conditions could result in the revocation of probation.

On February 4, 1988, appellant became engaged in a drunken altercation during which he possessed a .22 caliber rifle. As a result of this incident, appellant's probation officer petitioned the court to issue a warrant for the arrest of the appellant and ordered him to show cause why his proba-

---

1. Allocution is the "[f]ormality of court's inquiry of prisoner as to whether he has any legal cause to show why judgment should not be pro-
nounced against him on verdict of conviction." *Black's Law Dictionary* 70 (5th Ed.1979).

tion should not be revoked for firearm possession. The court authorized the warrant and ordered appellant to show cause. After conducting a hearing, the district court revoked appellant's probation and sentenced him to ten years in custody. During the hearing, appellant's lawyer presented arguments against the revocation of appellant's probation. However, appellant was not offered the opportunity to speak.

## II.

■ At the outset, we note that appellant does not contest the revocation of his probation. Rather he contests his resentencing without allocution. Appellant argues that the district court erred in not complying with the provisions of Rule 32(a)(1)(C) of the Federal Rules of Criminal Procedure. Rule 32(a)(1) reads as follows:

(a) Sentence.

(1) Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

(A) determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);

(B) afford counsel an opportunity to speak on behalf of the defendant; and

(C) address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment.

The attorney for the government shall have an equivalent opportunity to speak to the court.

Fed.R.Crim.P. 32(a)(1)(C).[2] The Supreme Court has made it clear that the right of allocution is not of constitutional dimen-

sion. "The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Therefore, appellant does not have a constitutional basis for his claim, but rather the only basis for the claim lies in the provisions of the rule. The issue which confronts this court is whether the provisions of Rule 32(a)(1) apply to resentencing proceedings after probation revocation. This issue has been addressed expressly by only two other circuits.

In *United States v. Core*, 532 F.2d 40 (7th Cir.1976) the Seventh Circuit was presented with the question of whether Rule 32(a)(1) applies in a probation revocation proceeding when the district court revoked probation and resentenced the defendant without personally addressing him. The court held that Rule 32(a) does not mandate allocution before resentencing at probation revocation proceedings.

Rule 32(a)(1) does not specifically mention probation revocation hearings but only requires the right of allocution be given before imposing sentence. We interpret the rule to mean that allocution is *required* only before imposing the original sentence.... However, we believe the better practice would be for the trial court to personally address the defendant and permit him to speak regardless of whether it is at the time of original sentencing, at a hearing on a motion to reduce a sentence previously imposed, or, as in this case, at a revocation of probation proceeding. We urge this procedure upon the various district courts of this Circuit.

*Id.* at 42.

The Fifth Circuit has taken the opposite view and holds that "the right of allocution

---

2. In *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the Supreme Court held that under Rule 32 the sentencing court must afford the opportunity to the defendant personally to speak in his own behalf and noted that "the most persuasive counsel may not

be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.* at 304, 81 S.Ct. at 655. In 1966, Rule 32(a)(1) was amended to incorporate expressly the *Green* holding. See Fed.R.Crim.P. 32 (Notes of Advisory Committee on Rules).

must be afforded to defendant when deferred sentence is imposed following a revocation of probation."[1] *United States v. Turner,* 741 F.2d 696, 699 (5th Cir.1984). This view was originally taken in *United States v. Eads,* 480 F.2d 131 (5th Cir.1973), where the court *sua sponte* noted that a defendant was not given a right of allocution at resentencing and without analysis vacated the sentence and remanded for resentencing after affording the defendant his right of allocution. *Id.* at 133.

We agree with the Seventh Circuit's approach, and hold that allocution is not required before resentencing after probation revocation. Accordingly, the district court did not err by failing to personally address appellant before resentencing him. However, like the Seventh Circuit, we believe it is sound practice for a district court to permit a defendant to speak regardless of the timing of the sentencing.

■ Finally, appellant argues that his sentence should be vacated and his case remanded for resentencing because he was not told that the consequence of a probation violation would be revocation of probation. We find this argument to be meritless. This argument is belied by the statement following the list of general conditions of probation which appears on the judgment and probation commitment order which explicitly states that probation can be revoked for a violation occurring during the probation period. Furthermore, appellant acknowledged upon his release from the Federal Medical Center that he understood that his probation could be revoked for a violation occurring during the probation period.

For the foregoing reasons, we AFFIRM the judgment of the district court.