**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter BARNES, Defendant–Appellant.**

**No. 90–3320.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 13, 1991.

Decided Nov. 18, 1991.

As Amended Nov. 19, 1991.

Ramune R. Kelecius, argued, Office of the U.S. Atty., Criminal Div., Barry R. Elden, Asst. U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for U.S.

Robert D. Seeder, Federal Public Defender, argued, Carol A. Brook, Office of the Federal Public Defender, Chicago, Ill., for Walter Barnes.

Before POSNER, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Walter Barnes pled guilty to one count of conspiracy to possess with intent to distribute cocaine and to one count of distribution of cocaine. The district court sentenced Barnes to three years on the distribution count, but suspended the imposition of sentence on the conspiracy count. After his release, Barnes violated the terms of his parole and was sentenced to an additional five-year term of imprisonment on the conspiracy count. However, this Court, for reasons unrelated to this appeal, vacated that sentence and remanded for resentencing. On remand, the court again sentenced Barnes to five years on the conspiracy count. The only issue on appeal is whether the district court denied Barnes his right of allocution under Federal Rule of Criminal Procedure 32(a)(1)(C) [1] by failing to allow him to speak prior to the imposition of sentence. Because we find that Barnes' right of allocution was denied, we again vacate his sentence and remand for resentencing.

### I.

On May 10, 1985, Barnes pled guilty to one count of conspiracy to possess with intent to distribute cocaine and to one count of distributing 7.15 grams of cocaine. On June 28, 1985, the trial judge sentenced Barnes on the distribution count to three years of imprisonment, to be followed by a five-year term of special parole. The court suspended the imposition of sentence on the conspiracy count, and placed Barnes on a five-year period of probation, to run consecutively to the three-year term of imprisonment and concurrently to the five-year term of special parole. As a condition of probation, the court specifically required Barnes to participate in a drug and alcohol treatment program.

Barnes was released on May 20, 1988, and commenced serving his concurrent terms of special parole and probation. After receiving information alleging parole violations, the U.S. Probation Office filed a special report with the district court asserting that defendant had, among other things, used cocaine and failed to participate in drug rehabilitation. On the basis of that report, the U.S. Parole Commission

---

**1.** Rule 32(a)(1)(C) states, in relevant part: "Before imposing sentence, the court shall ... address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence."

sought a parole violation warrant and subsequently revoked defendant's special parole, instating a five-year sentence of imprisonment.

In addition to revoking Barnes' parole, the government filed a motion with the court seeking to revoke his probation. At a probation revocation hearing conducted on October 25, 1989, Barnes admitted to the violations and the trial judge revoked his probation.[2] Barnes was sentenced to a five-year prison term on the conspiracy charge, to run consecutively to the five-year term of incarceration previously imposed for the parole violation. The trial judge granted Barnes' right of allocution at this hearing.

We vacated this sentence and remanded the case because of concerns that the trial judge may have improperly relied on hearsay statements in revoking Barnes' probation. *United States v. Barnes*, 907 F.2d 693 (7th Cir.1990). On remand, the trial court conducted another probation revocation hearing. After addressing our concern with the improper hearsay, the trial judge again sentenced the defendant to a five-year term on the conspiracy charge. Prior to sentencing, the defendant sought to be recognized; in response, the judge declared: "[N]ot right now, Mr. Barnes. The record should reflect Mr. Barnes sought to be recognized and I will listen to him in a minute." Transcript at 10 (Sept. 13, 1990). The trial judge then moved directly to sentencing, however, and Barnes apparently was unable to reassert the right to speak. The issue which confronts us on appeal is whether Federal Rule of Criminal Procedure 32(a)(1)(C) entitles a defendant to a right of allocution where sentencing is initially deferred but later imposed at a probation revocation hearing.

## II.

█ The right of allocution allows a defendant to personally address the court before sentencing in an attempt to mitigate

punishment. With historical roots in the common law, the opportunity to plead for mercy is another provision in a procedural body of law designed to enable our system of justice to mete out punishment in the most equitable fashion possible, to help ensure that sentencing is particularized and reflects individual circumstances. The right emerged at a time when many crimes were punishable by death and when defendants had no access to counsel or even the ability to testify on their own behalf. 3 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 25.1(f) (1984); 4 Blackstone's Commentaries 375 (1854). As early as 1689, the common law acknowledged that a court's failure to invite the defendant to speak before sentencing required reversal. *See Anonymous*, 3 Mod. 265, 266, 87 Eng.Rep. 175 (K.B.1689). Aside from its practical role in sentencing, the right has value in terms of "maximizing the perceived equity of the process." 3 ABA Standards for Criminal Justice 18–459 (2d ed.1980).

In *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the Supreme Court clarified the contours of the right of allocution. The Court rejected the view that providing defense counsel the chance to speak prior to sentencing satisfied the purpose behind Rule 32, holding that defendants must be afforded the opportunity to personally address the court. *Id.* at 304, 81 S.Ct. at 655. "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.* The *Green* holding was later codified in Federal Rule of Criminal Procedure 32(a)(1)(C). *See* Fed.R.Crim.P. 32, Notes of Advisory Committee on Rules. Rule 32(a)(1)(C) now requires the trial judge to personally address the defendant, before imposing sentence, to determine if the defendant wishes to make a statement.

This Court has admonished district courts to apply Rule 32(a)(1)(C) liberally, to

**2.** The original sentence was issued by Judge Susan Getzendanner. The case was reassigned to Judge Brian Barnett Duff on March 28, 1988. Consequently, both the original probation revocation hearing and the probation revocation hearing on remand were conducted by Judge Duff.

freely grant defendants the right to make a statement prior to the imposition of sentence in all circumstances. *United States v. Core*, 532 F.2d 40 (7th Cir.1976). In circumstances where the trial court has failed to meet the strictures of Rule 32(a)(1)(C), we have remanded the case to give the defendant an opportunity to speak. *United States v. Tuchow*, 768 F.2d 855, 875 (7th Cir.1985); *United States v. Van Drunen*, 501 F.2d 1393, 1399 (7th Cir.), *cert. denied*, 419 U.S. 1091, 95 S.Ct. 684, 42 L.Ed.2d 684 (1974).

### III.

■ The right of allocution is implicated only before the imposition of sentence, not in all sentencing situations. In *United States v. Core*, 532 F.2d 40 (7th Cir.1976), the defendant pled guilty to falsely impersonating the payee of a federal obligation. He received a five-year sentence which was suspended in lieu of a five-year probationary period. At the time of his original sentence, the defendant was given the right to address the court. At a subsequent probation revocation hearing, the court lifted suspension on the five-year sentence without affording the defendant an opportunity to address the court. Relying upon its express language, we concluded that Rule 32(a)(1) "does not specifically mention probation revocation hearings but only requires the right of allocution be given before imposing sentence." *Id.* at 42. Thus, in cases where a sentence has been imposed but its execution suspended, the defendant's right to allocution is not implicated at a subsequent hearing to revoke probation and reinstate that sentence. *See also United States v. Coffey*, 871 F.2d 39 (6th Cir.1989) (holding that allocution is not required before resentencing after probation revocation).

■ Barnes' primary contention here is that the sentencing order issued on remand was tantamount to an *imposition* of sentence on the conspiracy count, and thus he was entitled to exercise his right of allocution under Rule 32(a)(1)(C). He argues that when he was first sentenced, the trial judge deferred imposing sentence on the conspiracy count in favor of placing Barnes on probation. The critical distinction drawn by Barnes is between suspending the *imposition* of a sentence and suspending the *execution* of a sentence. In the former, the sentence determination is deferred; in the latter, the sentence is determined but its execution is deferred.

■ This distinction is a meaningful one. In cases like *Core*, where the sentence is imposed but its execution is deferred, the defendant is not necessarily entitled to address the court again in a subsequent hearing for a valid reason: the subsequent hearing is an occasion to lift suspension of a predetermined, but deferred, punishment. By contrast, where a defendant is convicted but imposition of sentence is postponed, the opportunity to address the court at a subsequent hearing arises precisely because the scope of punishment is not preordained. The right to allocution is the right to have your request for mercy factored into the sentencing decision. If the sentencing decision has been postponed, so it is with the defendant's right of allocution. *See United States v. Turner*, 741 F.2d 696, 698 (5th Cir.1984) (holding that the right of allocution must be afforded when a deferred sentence is imposed at a probation revocation hearing).

In the present case, the district court suspended imposition of sentence without determining what the sentence would be in the event Barnes violated probation. This was not a case, like *Core*, where a judge who had originally imposed sentence simply ordered that the original sentence be executed. Rather, the court here imposed an original sentence on the conspiracy count, thus presumptively giving rise to the right of allocution.

■ The government contends that even if Barnes was entitled to speak at his original probation revocation hearing, he was not entitled to that right on remand. It claims that although this Court technically vacated defendant's sentence, we remanded the cause for the very narrow and limited purpose of absolving the potential hearsay problem. Barnes was not entitled to speak

at the remanded sentencing hearing, the argument follows, because the hearing resulted in the *reinstatement* of the original sentence rather than imposition of a *new* sentence—and, under Rule 32(a)(1)(C), a defendant is entitled to address the court only before an original or new sentence is imposed.

The government misconstrues the nature of a vacated sentence. While it is true our primary concern in remanding this case was to ensure improper hearsay statements did not taint the earlier proceeding, the effect of the order to vacate was to nullify Barnes' sentence. Accordingly, when Barnes appeared before the trial judge on remand, he did so with a clean slate as far as sentencing was concerned; his previous sentence was not to be rubber stamped, but instead a new sentencing determination was to be made. Along with a new sentencing determination came the right to address the court.

■ Alternatively, the government contends that, even if Barnes was entitled to a full sentencing proceeding on remand, his right to allocution was vindicated at his original sentencing hearing because he addressed the court at that time.[3] Moreover, the government argues, the trial judge acknowledged the defendant's earlier statement of allocution prior to imposing sentence on remand, thus ensuring that Barnes' plea for mercy was a part of the final sentencing equation.[4]

The trial judge's careful attention to the defendant's earlier statement is commendable. However, on remand, when the trial judge alluded to defendant's earlier plea, Barnes attempted to speak. A fair inference is that he wished to say something regarding his previous statement or his history of narcotics use. This is especially so since the trial judge had just shifted from the hearsay statements (indicating Barnes' possible involvement in a larger drug transaction) to, precisely, his history of narcotics use. Since the prior sentence was vacated by this Court, Barnes was being sentenced anew. Consequently, his right to personally address the sentencing judge was resuscitated at the final hearing regardless of whether he had previously exercised it. *Cf. United States v. Buckley*, 847 F.2d 991, 1002 (1st Cir.1988) (right must be afforded at final sentencing even if earlier provided when defendant provisionally sentenced).

■ The government also asserts that Barnes waived his right to allocution by not addressing the judge before sentencing. The government points to *United States v. Franklin*, 902 F.2d 501, 507 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990), in which this Court held that Rule 32(a)(1)(C) did not require the sentencing judge, following a protracted exchange with defense counsel, to issue a second invitation to the defendant to personally address the court. However, this decision is inapposite to the facts of the present case. In *Franklin*, the trial judge extended an initial invitation to speak as required by Rule 32; we held that a judge is not required to renew this invitation. In the present case, the judge gave no invitation to speak, only an acknowledgement of the defendant's spontaneous attempt to speak. The trial judge indicated he would get back to the defendant momentarily but inadvertently failed to do so.

■ Finally, the government maintains Barnes waived his right of allocution by not reasserting the right later in the pro-

---

3. The trial transcript reveals the following exchange between Barnes and the trial judge:

> Defendant: I'm lost, is all I can say.
> Court: I'm not sure what that means.
> Defendant: It means I have tried to do what I thought I could do and I just couldn't do it.
> Court: Because of your narcotics?
> Defendant: Yes, sir.

Transcript at 9 (Oct. 25, 1989).

4. On remand, the trial judge declared:

> Now, I did note by his personal acknowledgment [at his earlier probation revocation hearing] that he was—and I noted that he did have behavior involving narcotics that brought him back, which it did. He was a user, he failed all his urine drops, and he didn't show up for most of his appointments—not right now, Mr. Barnes. The record should reflect Mr. Barnes sought to be recognized and I will listen to him in a minute.

Transcript at 10 (Sept. 13, 1990).

ceeding. We reject this contention for two reasons. First, Rule 32(a)(1)(C) places the burden on the court to inquire whether the defendant wishes to speak. *See, e.g., United States v. Walker,* 896 F.2d 295 (8th Cir.1990) (failure to assert the right of allocution does not amount to a waiver). The Supreme Court has emphasized that courts should strictly comply with Rule 32: "Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green,* 365 U.S. at 305, 81 S.Ct. at 655. In this case, by neglecting to invite the defendant to speak, the trial judge did not meet the burden imposed by Rule 32. Second, Barnes never had the opportunity to reassert the right; immediately after Barnes' attempt to speak, the trial judge moved directly into sentencing.

The government's exhortation that Barnes waived his right by not reasserting it later in the hearing is not borne out by the record. It is unpersuasive, considering the realities of the court room setting, to suggest that Barnes should have attempted to address the court *after* sentencing, to say, in effect, "now that you have imposed sentence, let me share some mitigating circumstances you may wish to consider in meting out my punishment." Generally, to address the court after sentencing does not serve the purpose underlying the rule.[5] *See Coleman v. Risley,* 839 F.2d 434 (9th Cir.1988) (right to allocution effectively de-

nied when trial judge moved directly into sentencing after defendant earlier requested an opportunity to speak).

The right of allocution in this instance is particularly important because the understandable potential for an inherent and troublesome momentum in resentencing makes it especially inviting for trial judges to engage in overly swift sentencing determinations. The government can assist in overcoming this natural inclination by calling procedural lapses to the attention of a trial judge. Rather than advancing less than substantial waiver arguments on appeal, the government would better aid the judicial system by alerting the trial judge to procedural oversights such as this one, when they occur.

## IV.

The right of allocution is minimally invasive of the sentencing proceeding; the requirement of providing the defendant a few moments of court time is slight. Because the sentencing decision is a weighty responsibility, the defendant's right to be heard must never be reduced to a formality. In an age of staggering crime rates and an overburdened justice system, courts must continue to be cautious to avoid the appearance of dispensing assembly-line justice. In resentencing Barnes on remand, we are confident that the experienced and concerned trial judge will carefully weigh any mitigating comments the defendant may offer and scrupulously consider the severity of the defendant's original sentence on the distribution count.[6]

5. However, a trial judge, realizing after sentencing that the right of allocution has been neglected, may rectify the situation by, in effect, setting aside the sentence, reopening the proceeding, and inviting the defendant to speak. *See Gordon v. United States,* 438 F.2d 858 (5th Cir.1971); *Sandroff v. United States,* 174 F.2d 1014, 1020 (6th Cir.1949); *Hardy v. United States,* 159 F.Supp. 208 (S.D.N.Y.1957), *aff'd,* 252 F.2d 780 (2d Cir.), *cert. den.,* 356 U.S. 944, 78 S.Ct. 791, 2 L.Ed.2d 819 (1958). Under this approach, the trial court must genuinely reconsider the sentence in light of the elicited statement. *See United States v. Pelaez,* 930 F.2d 520 (6th Cir. 1991) (remanding case in which defendant granted opportunity to speak after sentence de-

termination); *United States v. Byars,* 290 F.2d 515 (6th Cir.1961) (same). This approach is not at issue here because the trial judge never had occasion to rectify the omission of Barnes' right of allocution.

6. During the probation revocation hearing, in connection with resentencing, we note that there may have been a misinterpretation concerning the severity of Barnes' original sentence. The sentencing transcript reveals repeated references by the court to the "break" Barnes had earlier received. However, he served a three-year prison sentence on the distribution charge. Such a sentence seems somewhat inconsistent with the characterization of the trial judge.

In sum, we conclude that the purpose underlying the right of allocution—to allow defendants an opportunity to mitigate their punishment—is best served by permitting defendants to address the court at probation revocation hearings in which sentencing is imposed, after an earlier deferral of sentencing, or in cases in which resentencing follows a vacated sentence. In this case, Barnes was not afforded this right. Accordingly, we VACATE the sentence and REMAND for resentencing consistent with this opinion.