**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry Wayne CARPER, Jr.,**
**Defendant–Appellant.**

No. 93–10290.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1994.

Decided May 20, 1994.

Arthur L. Allen, Asst. Federal Public Defender, Las Vegas, NV, for defendant-appellant.

Will B. Mattly, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: ALDISERT,* Charles WIGGINS, and Melvin BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

The district court sentenced Larry Wayne Carper, Jr. to eighteen months imprisonment after it revoked his supervised release. Carper challenges this sentence on the ground that the district court did not afford him the right of allocution required by Federal Rule of Criminal Procedure 32(a)(1)(C). We have jurisdiction under 18 U.S.C. § 3742(a).

### I.

Carper was sentenced on May 3, 1990 to a term of forty-one months imprisonment, followed by three years of supervised release. On March 24, 1993, the United States Probation Office petitioned the district court to revoke Carper's supervised release, alleging five violations. Carper admitted that he failed to (1) submit monthly reports, (2) notify the probation officer of changes in employment, (3) attend a drug treatment program, and (4) make restitution payments. He contested the allegation that he used and possessed an illegal substance.

The sole issue at the revocation hearing was whether the government properly established drug use or possession. The parties and court agreed that if the government's evidence did not meet the requirements of *United States v. Martin*, 984 F.2d 308 (9th Cir.1993), the applicable range of punishment would be between five and eleven months imprisonment. *See* U.S.S.G. § 7B1.4(a) (1992). If the government carried its burden, the court would be required under 18 U.S.C. § 3583(g) to impose a minimum sentence of twelve months. At the end of the revocation hearing, the district court stated:

I'll enter a written finding, but it's the judgment of the Court that supervision should be revoked and that the defendant should be placed in custody for a substantial period of time under one concept or the other.

Both attorneys then indicated they had nothing further to add and the court adjourned without addressing Carper personally and determining if he wished to make a statement before sentence was imposed. Neither Carper nor his counsel affirmatively requested that Carper be permitted to speak.

On April 21, 1993, the district court entered a written order finding that the government's evidence did not meet the *Martin* requirements. It further determined that it need not adhere to the five to eleven month sentencing range suggested in section 7B1.4(a) because that policy statement is merely advisory.[1] Because the court found "that the range suggested in section 7B1.4 would not adequately afford deterrence to further criminal conduct and would not address Defendant's need for treatment of his drug problems," it sentenced Carper to eighteen months imprisonment under 18 U.S.C. § 3583(e)(3).

Carper challenges only the district court's failure to allow him to speak on his own behalf before it imposed a sentence.

### II.

"The right of allocution allows a defendant to personally address the court before sentencing in an attempt to mitigate punishment." *United States v. Barnes*, 948 F.2d 325, 328 (7th Cir.1991). Carper contends that Rule 32(a)(1)(C) of the Federal Rules of Criminal Procedure confers the right of allocution upon defendants who are sentenced after revocation of probation or supervised release.[2] We review de novo the

---

* Honorable Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation.

1. We recently confirmed the district court's conclusion that the policy statements in Chapter 7 of the Sentencing Guidelines are not mandatory. *See United States v. Forrester*, 19 F.3d 482 (9th Cir.1994).

2. We assume that the same analysis would apply regardless of whether the revocation involves probation or supervised release. Neither the Sentencing Guidelines nor the Federal Rules of Criminal Procedure distinguish between the two for the purposes of revocation procedures. *See* U.S.S.G § 7B1.3; Fed.R.Crim.P. 32.1. While there are differences between the statutes governing revocation of probation, 18 U.S.C § 3565, and supervised release, 18 U.S.C. § 3583, we do not believe those differences affect our analysis in this case.

district court's interpretation of the Federal Rules. *United States v. Freitas,* 800 F.2d 1451, 1454 (9th Cir.1986).

### A.

This court has not previously addressed the issue of whether Rule 32 gives a defendant the right of allocution after revocation of supervised release. However, we have emphasized the importance of the right in the context of sentencing following conviction:

> Recognizing the personal nature of the Sixth Amendment's guarantee of the right to make a defense, the unique ability of a defendant to plead on his own behalf, and the Supreme Court's acknowledgment of the continuing vitality of the practice of permitting a defendant to allocute before sentencing, we hold that allocution is a right guaranteed by the due process clause of the Constitution.

*Boardman v. Estelle,* 957 F.2d 1523, 1529–30 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992). In *Boardman,* we limited our holding to circumstances in which a defendant requests permission to speak to the trial court before sentencing. *Id.* at 1530. Carper did not make such a request. Nor are there other aggravating circumstances that might raise his claim to the level of a constitutional deprivation. *See Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, '7 L.Ed.2d 417 (1962) (trial court's failure to ask defendant whether he had anything to say was not constitutional error when defendant did not request an opportunity to speak, did not suggest the district judge was uninformed as to relevant circumstances, and did not claim he would have had anything to say). Carper's claim is thus limited to the narrow issue of whether the district court violated Rule 32 by failing to ask him personally if he had anything to say before imposing its sentence.

### B.

Rule 32 governs sentencing and judgment. Subsection (a)(1), entitled Imposition of Sentence, provides in relevant part:

> Before imposing sentence, the court shall also ... (C) address the defendant person-ally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

Fed.R.Crim.P. 32(a)(1)(C).

The government argues that Rule 32 applies only to sentences imposed after conviction of a substantive crime, and that Rule 32.1 is the exclusive provision governing sentences imposed after revocation of supervised release. It reasons that the focus of Rule 32 on those procedures occurring immediately after conviction—e.g., notification of the right to appeal, entry of judgment, and presentence investigations and reports—indicates that the rule is directed toward sentencing following conviction. Rule 32.1, on the other hand, expressly governs "Revocation or Modification of Probation or Supervised Release." It requires the court to hold a revocation hearing, at which "[t]he person shall be given":

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear and to present evidence in the person's own behalf;

(D) the opportunity to question adverse witnesses; and

(E) notice of the person's right to be represented by counsel.

Fed.R.Crim.P. 32.1(a)(2). The government suggests that Carper was entitled to the procedures outlined in Rule 32.1 and no more.

The government's argument appears to based upon the fundamental rule of statutory construction that a later, more specific provision prevails over an earlier, more general provision when there is a conflict. *International Ass'n of Machinists & Aerospace Workers v. Boeing Co.,* 833 F.2d 165, 169 (9th Cir.1987), *cert. denied,* 485 U.S. 1014, 108 S.Ct. 1488, 99 L.Ed.2d 715 (1988). The problem with this argument is that the two rules do not conflict. "No conflict exists if the two statutes serve independent and separate purposes." *Id.* Rule 32.1 does not address sentencing, but only procedures for modifying or revoking supervised release; and although Rule 32 does delineate post-conviction proce-

dures, subsection (a), which governs sentencing, does not expressly limit its application to the imposition of sentence immediately following conviction. We read the two rules as complementing rather than conflicting with one another. Rule 32.1 thus governs the decision of whether or not to revoke supervised release, while Rule 32 governs the decision of what sentence to impose. This two-step process can be accomplished in the same hearing or in separate hearings.

The history of these rules and the Advisory Committee Notes shed additional light on their interaction. Rule 32 formerly contained a provision regarding revocation of probation:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.

Fed.R.Crim.P. 32(f) (*abrogated* Apr. 30, 1979, eff. Dec. 1, 1980). Because subsection (f) did not address sentencing, it seems logical to assume that imposition of a new sentence upon revocation of probation was subject to the general sentencing provisions of Rule 32. The 1979 changes to the rules do not affect this interpretation. The 1979 Advisory Committee Notes to Rule 32(f) state that the subdivision is abrogated and "[t]he subject matter is now dealt with in greater detail in proposed new rule 32.1." Neither Rule 32.1 nor the Advisory Committee Notes to that rule refer to sentencing procedures upon revocation of probation or supervised release.

### C.

Although we have not previously addressed the question of whether Rule 32, the general sentencing rule, applies to post-revocation proceedings despite the existence of a specific revocation rule, we have applied 18 U.S.C. § 3553, the general sentencing statute, to sentencing after revocation even though section 3553 does not refer to post-revocation sentencing and there are specific statutes that address revocation of probation, 18 U.S.C. § 3565, and supervised release, 18 U.S.C. § 3583. *See United States v. Lockard,* 910 F.2d 542, 546 (9th Cir.1990) (apply-

ing requirement of section 3553(c) that a district court state its reasons for imposing a particular sentence to sentencing after revocation of supervised release). While we recognize that the analogy is imperfect, we think our decision in *Lockard* supports the distinction between a revocation proceeding and a sentencing proceeding.

### D.

Three other circuits have addressed the issue of a defendant's right of allocution upon revocation of probation or supervised release. These cases fall into three categories: (1) proceedings that reinstate a previously imposed sentence whose execution has been suspended; (2) proceedings that impose a new sentence for a conviction for which sentencing was previously deferred; and (3) proceedings that impose a new sentence based on conduct that occurred during supervised release. Carper's situation falls into the third category.

In *United States v. Core,* 532 F.2d 40, 42 (7th Cir.1976), the Seventh Circuit held that allocution is preferred but not required when the trial judge simply reinstates the original sentence previously suspended in favor of probation. The court noted:

> Rule 32(a)(1) does not specifically mention probation revocation hearings but only requires the right of allocution be given before imposing sentence. We interpret the rule to mean that allocution is *required* only before imposing the original sentence.... However, we believe the better practice would be for the trial court to personally address the defendant and permit him to speak regardless of whether it is at the time of original sentencing, at a hearing on a motion to reduce a sentence previously imposed, or, as in this case, at a revocation of probation proceeding.

*Id.* (emphasis in original).

The Seventh Circuit clarified its position in a case that falls into the second category, noting that "[t]he right of allocution is implicated only before the *imposition* of sentence, not in all sentencing situations." *United States v. Barnes,* 948 F.2d 325, 329 (7th Cir.1991) (emphasis added). Barnes was

convicted of conspiracy to possess with intent to distribute cocaine and distribution of cocaine. The district court sentenced Barnes to three years imprisonment for distributing cocaine, but suspended imposition of sentencing for his conspiracy conviction. After Barnes violated the terms of his release, the district court conducted a probation revocation hearing at which it inadvertently denied Barnes the right of allocution and then sentenced him to five years imprisonment on the conspiracy count. The court of appeals vacated the sentence and remanded for resentencing, "conclud[ing] that the purpose underlying the right of allocution—to allow defendants an opportunity to mitigate their punishment—is best served by permitting defendants to address the court at probation revocation hearings in which sentencing is imposed, after an earlier deferral of sentencing...." *Id.* at 332.

Like the Seventh Circuit, the Fifth Circuit has concluded "that the right of allocution must be afforded a defendant when deferred sentence is imposed following a revocation of probation." *United States v. Turner,* 741 F.2d 696, 699 (5th Cir.1984) (citing *United States v. Eads,* 480 F.2d 131 (5th Cir.1973)); *see also United States v. Anderson,* 987 F.2d 251, 261 (5th Cir.) (court imposed sentence for possession of unregistered silencer after revoking probation on that conviction due to later drug and weapon offenses), *cert. denied,* —— U.S. ——, 114 S.Ct. 157, 126 L.Ed.2d 118 (1993). The Fifth Circuit does not appear to have addressed cases in the first and third categories.

The Sixth Circuit addressed the right of allocution in the context of sentencing after probation revocation in *United States v. Coffey,* 871 F.2d 39 (6th Cir.1989). Coffey was sentenced to two years imprisonment and three years probation for forging, uttering, and publishing United States Treasury checks. When Coffey violated the conditions of his probation by possessing a firearm, the district court revoked probation and imposed a ten-year term of imprisonment without offering Coffey the opportunity to speak personally before sentencing. The Sixth Circuit characterized the holding in *Core* broadly, and relied on the reasoning in that case to

find that Rule 32(a)(1) does not apply to resentencing proceedings after probation revocation. The court criticized the decisions in *Turner* and *Eads,* which it considered incompatible with the holding in *Core. Id.* at 40–41. It referred to all sentencing after probation revocation as "resentencing," and did not differentiate among proceedings that reinstate a previously imposed sentence, those that impose an original sentence for an earlier conviction, and those that impose a new sentence based on conduct that occurred during probation.

Like the instant case, *Coffey* falls into the third category. Yet its reasoning is not persuasive because the court failed either to distinguish among the various types of revocation proceedings or to provide a rationale for treating all such proceedings in the same manner. In *Barnes,* the Seventh Circuit described the "critical distinction ... between suspending the *imposition* of a sentence and suspending the *execution* of a sentence." 948 F.2d at 329 (emphasis in original).

> In cases like *Core,* where the sentence is imposed but its execution is deferred, the defendant is not necessarily entitled to address the court again in a subsequent hearing for a valid reason: the subsequent hearing is an occasion to lift suspension of a predetermined, but deferred, punishment. By contrast, where a defendant is convicted but imposition of sentence is postponed, the opportunity to address the court at a subsequent hearing arises precisely because the scope of punishment is not preordained.

*Id. Barnes* involved imposition of a sentence for the original conviction, and the court limited its holding to "revocation hearings in which sentence is imposed, after an earlier deferral of sentencing." *Id.* at 332. In Carper's case, the district court did not previously defer sentencing. Nevertheless, the *Barnes* reasoning is relevant to this case because the scope of the punishment is not preordained in proceedings that impose a new sentence due to conduct that occurred during supervised release. Moreover, although the defendant may have had the opportunity to speak at the original sentencing hearing, the conduct giving rise to the new

**1162**

sentence is different. *Cf. United States v. Schram*, 9 F.3d 741, 743 (9th Cir.) (holding that "a violation of supervised release is, for the purposes of determining the applicable version of the Sentencing Guidelines, an offense separate from the offense that led to the initial imprisonment and imposition of supervised release"), *cert. denied*, —— U.S. ——, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993).

All three circuits that have considered the question have concluded that "the better practice [is] for the trial court to personally address the defendant and permit him to speak ... at a revocation of probation proceeding." *Coffey*, 871 F.2d at 40 (quoting *Core*, 532 F.2d at 42). This court has previously recognized "the ancient origins of this common-law right and ... the continuing importance of the interests protected by affording the defendant the opportunity to speak on his own behalf." *Boardman*, 957 F.2d at 1525. We hold that the provisions of Rule 32(a)(1) apply to sentencing after revocation of supervised release when the district court imposes a new sentence based on conduct that occurred during supervised release. The district court therefore erred by failing to address Carper personally to determine if he wished to speak on his own behalf before imposing sentence.

### E.

■ We review the district court's failure to afford appellant his right of allocution for harmless error. *United States v. Ortega–Lopez*, 988 F.2d 70, 72 (9th Cir.1993).

■ We have held "that when a district court imposes a sentence that is 'already as short as it could possibly be under the Guidelines,' its error in not offering the defendant the opportunity to speak before sentencing may be harmless." *United States v. Medrano*, 5 F.3d 1214, 1219 (9th Cir.1993) (quoting *United States v. Mejia*, 953 F.2d 461, 468 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992)). However, when the district court has discretion to impose a sentence shorter than the one it selected, the denial of defendant's right of allocution is not harmless error. *See id.* Because the sentencing range suggested by the Guidelines is considerably shorter

than the sentence the district court imposed, any error the district court made in denying Carper the right of allocution was not harmless.

We VACATE the sentence imposed by the district court and REMAND for proceedings consistent with our opinion.

VACATED AND REMANDED.