65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Manuel CONTRERAS-HERNANDEZ, aka: Jose Manuel Contreras
Hernandez, Defendant-Appellant.
 No. 95-50058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Manuel Contreras-Hernandez appeals his 30-month sentence imposed following his guilty plea to illegal reentry of a deported alien, in violation of 8 U.S.C. Sec. 1326(a). Contreras-Hernandez contends that the district court erred by failing to afford him his right of allocution, and by refusing to depart downward for extraordinary family circumstances under U.S.S.G. Sec. 5H1.6. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand for resentencing.
 
 
 3
 Contreras-Hernandez contends that the district court erred by failing to afford him his right of allocution. Before imposing sentence, the court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(c)(3)(C); see also United States v. Carper, 24 F.3d 1157, 1158 (9th Cir.1994).
 
 
 4
 Here, the district court merely references Contreras-Hernandez's right of allocution before considering his request for a downward departure. Prior to imposing sentence, the district court asked Contreras-Hernandez, "[i]f you're are ready for sentencing, I'll do it. Are you ready?" Thus, the district court never specifically asked Contreras-Hernandez whether he wished to make a statement or present any mitigating information prior to imposing sentence.
 
 
 5
 The government acknowledges that the district court failed to expressly ask Contreras-Hernandez if he wished to address the court on his own behalf, but argues that this error was harmless. The district court's failure to afford a defendant the right of allocution is not harmless unless the defendant's sentence was as short as it could possibly be under the Sentencing Guidelines. See United States v. Medrano, 5 F.3d 1214, 1219 (9th Cir.1993); cf. United v. Mejia, 953 F.2d 461, 468 (9th Cir.1991), cert. denied, 504 U.S. 926 (1992) (failure to afford right of allocution is harmless where defendant was given the shortest sentence permitted for a defendant with his offense level and criminal history).
 
 
 6
 Contreras-Hernandez's Guidelines range was set at 24-30 months, and he was sentenced to 30 months imprisonment. Thus, because the district court could have sentenced Contreras-Hernandez to 24 months, the low end of the Guidelines range, the district court's failure to afford Contreras-Hernandez his right of allocution was not harmless. See Medrano, 5 F.3d at 1219. Moreover, the district court could have departed downward after allocution.
 
 
 7
 Accordingly, we VACATE the sentence and REMAND for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3