89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cuba E. HOPSON, Defendant-Appellant.
 No. 95-2010.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 31, 1996.
Decided June 19, 1996.
 
 Before MESKILL*, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This appeal challenging a sentence imposed after revocation of probation is successive to an appeal which challenged both the underlying revocation of probation and the original sentence. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal will be submitted on the briefs and the record.
 
 
 2
 Our opinion on the earlier appeal is United States v. Hopson, 39 F.3d 795 (7th Cir.1994), and we will assume familiarity with that opinion.
 
 
 3
 In 1988, Cuba Hopson plead guilty and was convicted of two counts of transporting stolen vehicles across state lines, in violation of 18 U.S.C. § 2312, and one count of stealing goods from interstate commerce, in violation of 18 U.S.C. § 659. On count one, the district court sentenced Hopson to one-year of incarceration to be serve consecutively to a state prison term that Hopson was then serving. For counts two and three, the sentencing court imposed two five-year terms of probation, to be served consecutively to each other and to Hopson's state and federal prison terms. However, before returning Hopson to state custody, the court admonished him as follows:
 
 
 4
 However, I can tell you--in fact I can promise you that if in that five-year period of probation you engage in any conduct of this nature [dealing in stolen vehicles] or any other criminal conduct, you can anticipate a revocation of probation and five more years in federal custody.
 
 
 5
 Failing to heed the judge's warning, Hopson returned to a life of crime after his release from state prison. In 1992, the Federal Bureau of Investigation began surveillance of Hopson after suspecting that he was operating a "chop shop," dealing in stolen vehicles and parts.** In August 1993, the FBI executed a search warrant on Hopson's garage and found numerous stolen vehicles (some in the process of having their identification numbers removed) and various stolen vehicle parts.
 
 
 6
 In 1993, the government filed a motion for a rule to show cause why Hopson's probation should not be revoked. The district court held a hearing and determined that Hopson was guilty of violating the terms of his probation by dealing in stolen vehicles. As a consequence, the district court revoked Hopson's probation (imposed on counts two and three of the original conviction) and sentenced him to ten years of imprisonment on count three and an additional five years of probation on count two, to be served immediately following Hopson's release from prison.
 
 
 7
 Hopson appealed his probation revocation and sentence, arguing that the evidence presented was insufficient to find him guilty of violating the terms of his probation and that he should have been sentenced to only five years imprisonment in accordance with his original sentencing hearing in 1988. With regard to Hopson's claim of insufficient evidence, we agreed with the district court that the evidence supporting Hopson's probation violations was "overwhelming." Hopson, 39 F.3d at 802.
 
 
 8
 However, with regard to Hopson's sentence of ten years imprisonment, we remanded the case for clarification from the district court. The problem arose from the original 1988 sentencing hearing wherein the trial court told Hopson that he could expect "five years in federal custody" if he violated the terms of his probation. The question in interpreting the 1988 pronouncement was: "Did the judge impose a sentence of five years and suspend its execution or suspend imposing any sentence at all and merely use the words 'you can anticipate a revocation of probation and five more years in federal custody' " to encourage Hopson to abide by the law. Hopson, 39 F.3d at 802. We observed:
 
 
 9
 "The critical distinction is between suspending the imposition of a sentence and the execution of a sentence. In the former, the sentence determination is deferred, in the latter, the sentence is determined but its execution is deferred." United States v. Barnes, 948 F.2d 325, 329 (7th Cir.1991).
 
 
 10
 If the trial court suspended the imposition of sentence, it was free to sentence the defendant to any term of imprisonment within the prescribed statutory limitations applicable on the date of original sentencing. Roberts v. United States, 320 U.S. 264, 272-73 (1943). However, if the sentencing court suspended the execution of sentence, then, upon revocation of probation, the term of incarceration must be the same as the original length of the suspended sentence. Id.
 
 Hopson, 39 F.3d at 802. Thus, we held:
 
 11
 The district court must clarify its 1988 pronouncement of sentence. If the trial judge meant to suspend the execution of a five-year term, then the defendant must be resentenced to five years of incarceration for his probation violations. If the judge meant to suspend the imposition of a five-year term, then there was no error in sentencing the defendant to ten years of incarceration and five years of supervised release.
 
 
 12
 Id. After remand, the district court resentenced Hopson and issued the following clarification:
 
 
 13
 The Court intended to suspend imposition of any sentence on counts 2 and 3 when it ordered the defendant to serve two five-year terms of probation to run concurrently with each other and consecutively with the one-year term of imprisonment imposed on count 1.
 
 
 14
 The Court did not intend to suspend the execution of a five-year term of imprisonment on Counts 2 and 3.
 
 
 15
 The warning the Court gave the defendant at sentencing, in 1988, was intended to deter any further dealings in stolen vehicles or other criminal conduct.
 
 
 16
 The district court then sentenced Hopson to ten years of imprisonment for violations of probation on count three and imposed five additional years of probation on count two, to be served immediately following Hopson's release from prison. Hopson now appeals this sentence.
 
 
 17
 Hopson argues that he had a legitimate expectation that he would be sentenced to only five years upon revocation of probation, based upon the district court's comments at the 1988 sentencing. However, as we have quoted above, the district court clarified its 1988 statements and clearly stated, in the remand hearing in 1995, that the district court had intended only to suspend the imposition of sentence pending a probation violation. Because the district court suspended imposition of sentence, it was free to sentence Hopson to any term of imprisonment within the statutory limitations. See Hopson, 39 F.3d at 802; Roberts, 320 U.S. at 272-73. On remand, the district court followed our instructions, clarified its intent regarding Hopson's sentence, and re-sentenced Hopson to ten years of imprisonment followed by five years of additional probation. This is a lawful sentence for Hopson's probation revocation; the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas J. Meskill, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 Title 18 U.S.C. § 2322(b) defines "chop shop" as: "any building, lot, facility, or other structure or premises where one or more persons engage in receiving, concealing, destroying, disassembling, dismantling, reassembling, or storing any passenger motor vehicle or passenger motor vehicle part which has been unlawfully obtained in order to alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate, or remove the identity, including vehicle identification number or derivative thereof, of such vehicle or vehicle part and to distribute, sell, or dispose of such vehicle or vehicle part in interstate or foreign commerce."