

**FILED**

Jan 31 2017, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devonte Owens,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 31, 2017

Court of Appeals Case No.
49A02-1605-CR-1142

Appeal from the Marion Superior Court

The Honorable Clayton A. Graham, Judge

Trial Court Cause No.
49G07-1508-CM-28999

**Baker, Judge.**

[1] Devonte Owens appeals his sentence for Carrying a Handgun Without a License,[1] a Class A Misdemeanor, arguing that he was denied due process at his sentencing hearing. Finding that Owens did not receive due process, we reverse and remand for a new sentencing hearing.[2]

## Facts

[2] On August 15, 2015, Officer Brett Bousema of the Indianapolis Metropolitan Police Department made a traffic stop after observing a car make several traffic violations. Officer Bousema asked the driver, Quina Simon, and the two occupants in the car for identification. One passenger identified himself as Owens, and the other identified himself as a juvenile. Officer Bousema asked whether there were any weapons in the car, and each of the occupants said there were not. After finding that Simon's driver's license was suspended but that Owens had a valid driver's license, Officer Bousema asked Simon and Owens whether they could switch seats. When Officer Bousema opened the door to the vehicle, he observed a handgun between the passenger seat and the car door.

---

[1] Ind. Code § 35-47-2-1.

[2] Owens also argues that his probation fees must be vacated, but because we are reversing and remanding on the first issue, we need not discuss this second issue in detail here. We note that the trial court's original sentencing order provided for "[p]robation on a sliding fee scale," Appellant's App. p. 11, but the amended sentencing order omitted this part about probation fees to be paid on a sliding fee scale. We encourage the trial court to clarify any probation fees assessed to Owens.

[3]     The State charged Owens with carrying a handgun without a license, a Class A misdemeanor. After an April 25, 2016, bench trial, the trial court found Owens guilty as charged. The trial court remanded Owens to the custody of the Marion County Sheriff, at which time the following exchange occurred:

> Defense Counsel: Judge, Mr. Owens is working, he's a college student, he will lose the job that he just received. We would ask that we either proceed to sentencing today, or that he be allowed to self-report. He's not missed work.
>
> The Court: Who says he's going to be going to Community Corrections?
>
> Defense Counsel: No, self-report for sentencing. He's not missed court. He does not have a significant criminal history.
>
> The Court: Well, when you go to trial, you expect to go to jail today. Why are we—self-report for what?
>
> Defense Counsel: If we're not proceeding to sentencing today, that he could report to sentencing.
>
> The Court: All right. Right. Well, we will—he has two days credit, 365 days Marion County Jail—he has two actual days credit, so that would be four, so it will be 271 suspended. He'll be placed on probation for 275 days and that will be reporting probation. He'll be assessed a statutory Safe School fee of $200, fine in the amount of $100 and court costs in the amount of $183. Public defender recoupment fee—did he pay his public defender recoupment fee? He was assessed back on August the 16 of 2015. Did you pay your public defender recoupment fee, Mr. Owens?

The Defendant:  No.

The Court:  All right.  Well, that can be paid during probation, $50 public defender recoupment fee.  The gun will be disposed of.  I need an order.  What I'll do—you'll be remanded to custody.  However, I will release you to Marion [C]ounty, Community Corrections so that you can serve the balance of your sentence on the Marion County Community Corrections Home Detention Component.  You will be placed on a sliding fee scale and/or reduced fee schedule, but you will-be going into custody right now.  We'll place him on the list so they'll either pick you up tomorrow or the next day.

Defense Counsel:  Judge, may we be heard as to sentencing, Judge, the mitigating factors.

The Court:  We just submitted the sentencing.

Defense Counsel:  Understand, but we didn't have an opportunity to argue, or to present argument for sentencing.

The Court:  Go ahead.

Defense Counsel:  I can't elicit testimony from my client?

The Court:  I mean, the Court has made its ruling.  The Court has made its ruling.

Defense Counsel:  If he gets taken into custody today, he's going to lose—

The Court:  Well, he's going to get an opportunity to go to Community Corrections.

Defense Counsel: And there's been individuals that pled guilty here today for the same offense and—

The Court: That is not—that is not—

Defense Counsel: —were not taken into custody.

The Court: And that was by plea agreement.

Defense Counsel: That's correct.

The Court: This is not a plea agreement, lest I remind you, Ms.—this is a trial.

Defense Counsel: That's correct. He exercised his right to trial.

The Court: And that's fine. And the Court made its ruling. So he will be taken into custody. The Court will allow him to go to Community Corrections, but they're going to pick him up. But he is going in to custody today. And then he's going to report to probation. He'll be allowed to report to Community Corrections then he's going to report to probation when they pick him up.

Defense Counsel: We would just ask that he be allowed to self-report to Community Corrections tomorrow morning, it would save the county expenses from him being taken into custody tonight, having to be picked up tomorrow, which does not usually occur within one day.

The Court: I've made my ruling.

Defense Counsel: He'd be able to maintain his employment to pay for court costs.

> The Court: He is going to jail. He is going to jail and he'll be
> picked up and that's my ruling. Thank you.

Tr. p. 105-109.

[4] The trial court sentenced Owens to 365 days, with four days of credit for time served, 271 days suspended to be served on probation, and 90 days to be served through Marion County Community Corrections. The trial court amended the sentence, changing the 90 days to be served through Marion County Community Corrections to 90 days to be served through Marion County Community Corrections Home Detention. The trial court also imposed a fine and fees. Owens now appeals.

## Discussion and Decision

[5] Owens argues that the trial court denied him due process during sentencing when it failed to advise him of his right to speak on his own behalf, failed to give him an opportunity to make a statement, and failed to allow his counsel to make a meaningful sentencing argument. We agree.

[6] To resolve the issue, we turn to our statute governing the right of allocution. Indiana Code section 35-38-1-5 provides that:

> When the defendant appears for sentencing, the court shall
> inform the defendant of the verdict of the jury or the finding of
> the court. The court *shall* afford counsel for the defendant an
> opportunity to speak on behalf of the defendant. The defendant
> may also make a statement personally in the defendant's own
> behalf and, before pronouncing sentence, the court *shall* ask the
> defendant whether the defendant wishes to make such a

statement.  Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

Emphases added.  "'The right of allocution is minimally invasive of the sentencing proceeding; the requirement of providing the defendant a few moments of court time is slight.'"  *Vicory v. State*, 802 N.E.2d 426, 429 (Ind. 2004) (quoting *United States v. Barnes*, 948 F.2d 325, 331 (7th Cir. 1991)).  The right of allocution serves "to give the trial court the opportunity to consider the facts and circumstances relevant to the sentencing of the defendant in the case before it."  *Id.* (citation and quotation marks omitted).  A defendant who claims that he was denied his right to allocution bears a strong burden in establishing his claim.  *Id.*

[7]  Here, the record reveals that, prior to the sentencing portion of the hearing, Owens's counsel made a very brief statement on Owens's behalf, when counsel stated that "Mr. Owens is working, he's a college student, he will lose the job that he just received.  We would ask that we either proceed to sentencing today, or that he be allowed to self-report.  He's not missed work."  Tr. p. 105.  The record also reveals that the trial court did not advise Owens of his right to speak on his own behalf or give him an opportunity to make a statement, despite his attorney's efforts to secure for Owens an opportunity to speak on his own behalf.  We do not find that the brief, pre-sentencing statement made by Owens's attorney qualifies as a meaningful sentencing argument made on behalf of Owens.  The record indicates that the trial court judge had made up his mind before pronouncing the sentence and did not feel obligated or

interested to hear what defense counsel or Owens had to say, beyond the brief, curtailed statement defense counsel had already made on Owens's behalf. The trial court's failure to allow Owens's counsel to make a meaningful sentencing argument, advise Owens of his right to speak on his own behalf, or provide Owens an opportunity to make a statement constitutes a clear denial of Owens's right to due process and an abdication of the trial court's statutory obligations.

[8] We are dismayed by the trial court's disregard for the statute that governs a defendant's rights during sentencing. Our General Assembly clearly intended for a defendant to be advised of his right to speak at sentencing and to be able to speak if he wanted to do so; the statute mandates that, "before pronouncing sentence, the court *shall* ask the defendant whether the defendant wishes to make such a statement." I.C. § 35-38-1-5 (emphasis added). Thus, a trial court *must* advise a defendant of this right and provide him with an opportunity to speak, if he so chooses. We understand that trial courts are busy, but to be so curt with defendants and their counsel, as the trial court was here, is penny wise and pound foolish—the denial of due process only leads us back to where defense counsel wanted us to be during sentencing, but at the expense of our taxpayers. *See* Ind. Judicial Conduct Rule 2.8(B) ("A judge shall be patient, dignified, and courteous to litigants . . . lawyers . . . and others with whom the judge deals in an official capacity . . ."). We take this opportunity to remind trial courts of their statutory duty to afford criminal defendants the rights that our General Assembly intended them to have during sentencing.

[9] The judgment of the trial court is reversed and remanded for a new sentencing hearing.

Mathias, J., and Pyle, J., concur.