**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee*,

v.

IRMA REYES-SOLOSA,
                *Defendant-Appellant*.

No. 13-50404

D.C. No.
3:11-cr-04061-GT-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Argued and Submitted
June 5, 2014—Pasadena, California

Filed July 30, 2014

Before: Ronald M. Gould and N.R. Smith, Circuit Judges,
and Morrison C. England, Jr., Chief District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Morrison C. England, Jr., Chief District Judge for the
U.S. District Court for the Eastern District of California, sitting by
designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a post-revocation sentence imposed consecutively to the defendant's criminal sentence for illegal reentry.

The defendant contended that the district court's continuance of her revocation hearing for about three weeks until after she was sentenced in her criminal case was erroneous because she requested and was denied immediate revocation sentencing.

Because Fed. R. Crim. P. 32.1(b)(2) covers post-revocation sentencing procedures and has a timing provision, the panel did not look to Fed. R. Crim. P. 32 in assessing whether the revocation sentencing was timely.

The panel held that a district court can continue post-revocation sentencing for a reasonable time to consider a supervised releasee's sentence in the underlying criminal proceeding as part of evaluating the supervised release releasee's breach of trust, and that the approximately three-week continuance was not unreasonable under Rule 32.1

The panel concluded that the twelve-month post-revocation sentence is not substantively unreasonable.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Rory T. McHale, Federal Defenders of San Diego, San Diego, California, for Defendant-Appellant.

Jason M. Wandel (argued), Special Assistant United States Attorney; Laura E. Duffy, United States Attorney; Bruce R. Castetter, Assistant United States Attorney, San Diego, California, for Plaintiff-Appellee.

**OPINION**

GOULD, Circuit Judge:

Irma Reyes-Solosa appeals her twelve-month post-revocation sentence imposed consecutively to her six-month criminal sentence for illegal reentry in violation of 8 U.S.C. § 1326. The district court continued Reyes-Solosa's revocation hearing for about three weeks until after she was sentenced in her criminal case. Reyes-Solosa contends that the district court's continuance was in error because she requested and was denied immediate revocation sentencing. She also challenges the substantive reasonableness of her twelve-month post-revocation sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I**

On May 8, 2013, border patrol agents found Reyes-Solosa near the Calexico West Port of Entry in California. After Reyes-Solosa said that she was a citizen of Mexico and did not have documentation allowing her to be in the United States, the agents arrested her. On June 6, 2013, Reyes-

Solosa was charged with violating the terms of her supervised release by illegally reentering the United States in violation of 8 U.S.C. § 1326.

At Reyes-Solosa's revocation hearing on July 24, 2013, the district court said that it would continue the hearing until after Reyes-Solosa was sentenced in her criminal case: "I intend [to] continue the matter until after August the 8th because the sentence that I impose will be consecutive. Without doing that, I would have nothing with which to make it consecutive." The district court reiterated that it required "the underlying case be decided first, so if a consecutive sentence is forthcoming, it has something with which to be consecutive." Defense counsel then told the district court that Reyes-Solosa was prepared to admit to the violation and requested immediate sentencing. The district court responded that "whatever we do, we can do just as easily on the 9th or 10th of August." Defense counsel objected, which the district court noted, and the revocation hearing was continued until August 12, 2013.

At her revocation hearing on August 12, 2013, Reyes-Solosa admitted violating the terms of her supervised release. Defense counsel requested a three-month sentence, consecutive to the six-month sentence Reyes-Solosa received in her criminal case. The district court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors and the rules of supervised release under 18 U.S.C. § 3583 in its formulation of a sentence. The district court observed that for a Class B violation and a criminal history category of II, the Sentencing Guidelines range was six to twelve months and that the probation office recommended a consecutive twelve-month sentence.

The district court then reviewed Reyes-Solosa's criminal history report.  Noting Reyes-Solosa's 2009 illegal reentry, for which she received sixty days imprisonment and one year of supervised release; her 2011 illegal reentry, for which she received six months imprisonment and three years of supervised release from the district court; and her 2013 illegal reentry, for which she received six months imprisonment and one year of supervised release, the district court explained:

> I see no alternative in this case but to clearly say that she ha[s] violated not only my trust, but I think the trust of the government of the United States.  [I] tried to go along with her, . . . [the] problems that she has had, [but] it is just too much to absorb in the fact that she has three prior violations.

The district court revoked Reyes-Solosa's supervised release and sentenced her to twelve months imprisonment consecutive to the six-month sentence she had received for her 2013 illegal reentry, with no additional term of supervised release.  Defense counsel objected to the sentence on grounds of substantive and procedural unreasonableness.

## II

We review *de novo* the district court's interpretation and application of the Federal Rules of Criminal Procedure. *United States v. Alvarez-Moreno*, 657 F.3d 896, 900 n.2 (9th Cir. 2011).  The parties dispute whether Federal Rule of Criminal Procedure 32 or 32.1 governs the district court's continuance of Reyes-Solosa's revocation hearing.  Reyes-Solosa contends that Rule 32 applies to post-revocation sentencing, requiring the district court to "impose sentence

without unnecessary delay." *See* Fed. R. Crim. P. 32(b)(1). The government responds that Rule 32.1 governs revocation hearings, including post-revocation sentencing, which must be held "within a reasonable time." *See id.* R. 32.1(b)(2).

We have said that "sentencing procedures for probation and supervised release violations are primarily governed by Rule 32.1 of the Federal Rules of Criminal Procedure, not Rule 32." *United States v. Leonard*, 483 F.3d 635, 638–39 (9th Cir. 2007). More recently, we reiterated that Rule 32.1 primarily governs post-revocation sentencing and that we look to Rule 32 "to the extent Rule 32.1 is silent" on a particular issue. *United States v. Whitlock*, 639 F.3d 935, 940 (9th Cir. 2011) (citing *Leonard*, 483 F.3d at 638–39).

Here, Rule 32.1 is not silent on the subject of timing. It contains an express timing provision for the revocation hearing, which should be held "within a reasonable time." *See* Fed R. Crim. P. 32.1(b)(2). Although the opening clause setting the time for the revocation hearing does not explicitly refer to post-revocation sentencing, the same section provides that a person must have "an opportunity to make a statement and present any information in mitigation." *Id.* R. 32.1(b)(2)(E). This part of the section gives a supervised releasee the right to allocute at the revocation hearing.[1] A supervised releasee's right to allocute logically relates to post-revocation sentencing. Because Rule 32.1(b)(2) covers post-revocation sentencing procedures and has a timing

---

[1] This language was added to Rule 32.1 after amendment in 2005 aimed at giving the supervised releasee an express right to allocution at post-revocation sentencing. *See Whitlock*, 639 F.3d at 940.

provision, we do not look to Rule 32 in assessing whether the sentencing here was timely.[2]  *See Whitlock*, 639 F.3d at 940.

The district court's continuance of Reyes-Solosa's revocation hearing for about three weeks until after sentencing took place in her criminal case was reasonable under Rule 32.1.  Where district courts see the same defendant multiple times, it is important for our criminal justice system that the district court be able to impose a post-revocation sentence based on breach of the court's trust that is distinct from the underlying criminal violation.  This conforms with the Sentencing Commission's comment that a post-revocation sentence should be imposed consecutively to a criminal sentence: the "sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct."  U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), introductory cmt.

There are fundamental reasons why this makes sense.  Post-revocation sentencing relates back to the procedure in

---

[2] Reyes-Solosa relies on *United States v. Carper*, 24 F.3d 1157 (9th Cir. 1994), which had language suggesting that Rule 32.1 did not cover post-revocation sentencing.  It is true that in *Carper* we said: "Rule 32.1 does not address sentencing, but only procedures for modifying or revoking supervised release . . . . Rule 32.1 thus governs the decision of whether or not to revoke supervised release, while Rule 32 governs the decision of what sentence to impose."  *Id.* at 1159–60.  However, we do not find this language from *Carper* persuasive.  For one thing, it predated the 2005 amendment to Rule 32.1 that explicitly gave a supervised releasee the right to allocution at the revocation hearing, which is decidedly part of sentencing.  Also, whether one would have characterized the statement in *Carper* as dictum at the time, it is clear that our later circuit law, after the 2005 amendment to Rule 32.1, has made explicit that post-revocation sentencing is a part of Rule 32.1's procedures.  *See Whitlock*, 639 F.3d at 940; *Leonard*, 483 F.3d at 638–39.

which the court previously imposed a sentence. In most cases, conduct causing a revocation of supervised release will necessarily involve a breach of trust between the releasee and the court that imposed the supervised release conditions. A defendant has been given release, but only on condition of maintaining certain behavior. Breach of those conditions is a serious breach of trust with the court that allowed release and set those conditions for release. The betrayal of trust warrants strong and independent corrective action. This is especially true when, as here, the defendant violates supervised release by committing the same offense that led to the imposition of supervised release in the first place. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) ("A violator who, after committing an offense and being placed on supervised release for that offense, again commits a similar offense is not only more likely to continue on that path, but also has demonstrated to the court that the violator has little respect for its command. Because the district court's trust in the violator's ability to coexist in society peacefully has been broken to a greater degree than if the violator had committed a minor offense of a dissimilar nature, greater sanctions may be required to deter future criminal activity."). A district court imposing a post-revocation sentence may want to defer the revocation hearing to consider the entire picture, including the sentence imposed for the underlying crime that caused the revocation.

Here, Reyes-Solosa has repeated illegal reentry violations in her criminal history that contributed to the district court's determination on breach of trust. The district court had seen Reyes-Solosa in 2011, when it imposed the supervised release term violated in this case, and considered her two other illegal reentry violations. There is no evidence in the record that the district court continued the revocation hearing in order to

punish Reyes-Solosa for her 2013 illegal reentry violation. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006). There is no evidence in the record that the district court imposed the twelve-month post-revocation sentence "*solely*, or even primarily, based on the severity of the new criminal offense underlying the revocation." *See Simtob*, 485 F.3d at 1063; *see also* U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), introductory cmt. (noting that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator"). There is also no suggestion that continuing the revocation hearing would create an indefinite delay. *Cf. United States v. Pagan-Rodriguez*, 600 F.3d 39, 42 (1st Cir. 2010).

Under these circumstances, the district court's decision to continue the revocation hearing for about three weeks for consideration of Reyes-Solosa's criminal sentence was not unreasonable.[3] Nor was it unreasonable for the district court

---

[3] In her brief, Reyes-Solosa contends that the grant of a continuance "exceeded the court's statutory sentencing authority under 18 U.S.C. § 3584." The district court, Reyes-Solosa argues, is "not authorized to manipulate the sentencing order for the sole purpose of giving himself or herself – and not the other district judge – the power to decide whether the sentences will run concurrent or consecutive." At oral argument, Reyes-Solosa also cited our court's recent ruling in *United States v. Montes-Ruiz*, 745 F.3d 1286 (9th Cir. 2014), contending that the district court is not permitted to "sua sponte continue their hearings . . . to . . . circumvent the court's ruling in *Montes-Ruiz*."

We reject this argument. Interpreting 18 U.S.C. § 3584(a) in *Montes-Ruiz*, we held that a federal court cannot impose a consecutive (or concurrent) sentence to a non-existent federal term. 745 F.3d at 1292. In doing so, we clarified that the Supreme Court's decision in *Setser v.*

to want to continue the revocation hearing for a reasonable time, here a few weeks, so that its sentence on revocation could follow and be consecutive to the sentencing on the underlying crime.

In light of the sound reasons why a court may wish to continue a sentencing hearing on revocation to follow sentencing in the underlying crime, the sole issue under the language of Rule 32.1 is whether the revocation hearing is held "within a reasonable time." We hold that a district court can continue post-revocation sentencing for a reasonable time to consider a supervised releasee's sentence in the underlying criminal proceeding as part of evaluating the supervised releasee's breach of trust. In this case, the district court's approximately three-week continuance was not unreasonable under Rule 32.1.[4]

---

*United States*, 132 S. Ct. 1463 (2012), which permitted prospective federal sentencing to anticipated, but not-yet-imposed *state* sentences, did not disturb circuit precedent prohibiting prospective federal sentencing to anticipated, but not-yet-imposed *federal* sentences, a question left open by the Supreme Court. *See Montes-Ruiz*, 745 F.3d at 1292; *see also Setser*, 132 S. Ct. at 1471 n.4.

Neither 18 U.S.C. § 3584(a) nor *Montes-Ruiz* address the issue of when a district court may continue a revocation hearing. A federal court cannot impose a sentence consecutive to a federal sentence that does not exist, but that was not done here. Reyes-Solosa's argument that the district court's continuance here offends *Montes-Ruiz* has no foundation in that opinion. Moreover, granting a continuance of a revocation hearing for a reasonable time in order to consider a criminal sentence is not an improper manipulation of the sentencing rules.

[4] Because we conclude that a continuance of about three weeks is reasonable under Rule 32.1, we also conclude that there is no due process violation. *See United States v. Santana*, 526 F.3d 1257, 1260–61 (9th Cir. 2008) ("We hasten to say that a reasonable time for proceeding to a

## III

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court reviewed Reyes-Solosa's criminal history and her three prior illegal reentry offenses, including her most recent offense resulting in a breach of the district court's trust. Reyes-Solosa's twelve-month post-revocation sentence is at the high end, but within the Guidelines range for a Grade B violation within criminal history category II, *see* U.S.S.G. § 7B1.4(a), and is not substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**

---

full-scale criminal trial is not the same as a reasonable time for revocation proceedings, and therefore Speedy Trial Clause authority should not be applied in revocation proceedings as if it were directly controlling. But even pursuing the Speedy Trial analogy, we must underline the huge disparity between the four-month delay in this case versus the eight-year delay that led to dismissal in [*United States v. Mendoza*, 525 F.3d 836 (9th Cir. 2008), *amended and superseded by* 530 F.3d 758 (9th Cir. 2008)]. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992), stated that the lower courts generally have agreed that post-accusation delay starts to become serious enough to trigger Speedy Trial analysis as it approaches one year.").