NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ANIBAL DIAZ-RODRIGUEZ, Defendant - Appellant. | No. 13-50633 D.C. No. 3:08-cr-01001-LAB MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Anibal Diaz-Rodriguez appeals from the district court's judgment and challenges the 24-month custodial sentence and 12-month term of supervised release imposed upon revocation of supervised release.    We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.    See Fed. R. App. P. 34(a)(2).

Diaz-Rodriguez claims that the court erred by delaying his post-revocation sentencing hearing until after he was sentenced in his new criminal case. Under the circumstances, we conclude that the delay was not unreasonable. *See* Fed. R. Crim. P. 32.1(b)(2); *United States v. Reyes-Solosa*, 761 F.3d 972, 976-77 (9th Cir. 2014) ("[A] district court can continue post-revocation sentencing for a reasonable time to consider a supervised releasee's sentence in the underlying criminal proceeding as part of evaluating the supervised releasee's breach of trust."). Accordingly, we also reject Diaz-Rodriguez's contention that the delay violated his right to due process. *See Reyes-Solosa*, 761 F.3d at 977 n.4.

Diaz-Rodriguez next contends that the district court procedurally erred by considering an impermissible sentencing factor, namely, the adequacy of the aggregate sentence for the new criminal conviction and the supervised release revocation. We disagree. *See id.* at 975-76 ("A district court imposing a post-revocation sentence may want to defer the revocation hearing to consider the entire picture, including the sentence imposed for the underlying crime that caused the revocation.").

Finally, Diaz-Rodriguez contends that the sentence is substantively unreasonable in light of the alleged procedural errors and because it is excessive.

The district court did not abuse its discretion in imposing Diaz-Rodriguez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Diaz-Rodriguez's criminal and immigration history and his breach of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (at a revocation sentencing, the district court can sanction a violator for his breach of trust).

**AFFIRMED.**