**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-50186 |
| | 14-50187 |
| Plaintiff - Appellee, | |
| | D.C. Nos. 3:13-cr-02639-CAB |
| v. | 3:14-cr-07004-CAB |
| RAMON ROSA VALLE ZUNIGA, a.k.a. | |
| Berlin Amparo-Rivera, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted March 10, 2015**

Before:      FARRIS, WARDLAW, and PAEZ, Circuit Judges.

In these consolidated appeals, Ramon Rosa Valle Zuniga appeals from the

district court's judgment and challenges his 38-month, aggregate custodial

sentence and 36-month term of supervised release imposed upon his guilty plea

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for being a removed alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valle Zuniga contends that the district court procedurally erred by (1) failing to explain adequately the sentences imposed, (2) failing to respond to his sentencing arguments, and (3) impermissibly imposing the revocation sentence to punish him for the new criminal conviction. These claims fail. The record reflects that the court considered Valle Zuniga's arguments, sufficiently explained the sentence, and did not impose the revocation sentence to punish the new offense. *See United States v. Reyes-Solosa*, 761 F.3d 972, 975-76 (9th Cir. 2014) (in imposing a revocation sentence, a district court may "consider the entire picture, including the sentence imposed for the underlying crime that caused the revocation"); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Valle Zuniga next contends that the court erred by failing to explain why a new term of supervised release was warranted despite U.S.S.G. § 5D1.1(c). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Valle Zuniga has not shown a reasonable probability that he would have received a different sentence had the district court given explicit consideration to section 5D1.1(c). *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

14-50186 & 14-50187

Finally, Valle Zuniga contends that the Sixth Amendment prohibited the district court from increasing his sentence based on his prior felony conviction because the fact of the conviction was not admitted by him or found by a jury. This argument fails. Notwithstanding *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), continues to bind this court. *See Alleyne*, 133 S. Ct. at 2160 n.1; *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam) ("We have repeatedly held . . . that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").

**AFFIRMED.**