**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10455 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-01913-CKJ |
| v. | |
| CHRISTIAN LOPEZ-CORRALES, a.k.a. Raul Gomez-Ruiz, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 26, 2017**

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Christian Lopez-Corrales appeals from the district court's judgment and

challenges the 24-month sentence imposed following revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the first time on appeal, Lopez-Corrales contends that the district court

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

procedurally erred by (1) failing to explain adequately the sentence with reference to specific 18 U.S.C. § 3583(e) factors, and (2) impermissibly imposing the sentence to punish him for the underlying criminal conviction. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record demonstrates that the district court provided an adequate explanation for the sentence and did not impose the sentence to punish him for the criminal conviction. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc) (district court need not "tick off" each sentencing factor); *see also United States v. Reyes-Solosa*, 761 F.3d 972, 975-76 (9th Cir. 2014) (district court may "consider the entire picture, including the sentence imposed for the underlying crime that caused the revocation" when imposing revocation sentence).

The district court did not abuse its discretion by imposing a 24-month sentence in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) factors. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**