NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOSEPH SOO HAN, Defendant-Appellant. | No. 17-10416 D.C. No. 2:07-cr-00205-KJD-RJJ-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 9, 2018**
San Francisco, California

Before: TASHIMA and MURGUIA, Circuit Judges, and HINKLE,*** District Judge.

Joseph Han appeals the imposition of twenty-five additional months of

supervised release, two special conditions of his supervision, and one standard

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

condition of his supervision.

In 2007, Han pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to a term of incarceration, supervised release, restitution, and ordered to pay a special assessment. After completing his term of incarceration, and as he neared the completion of his term of supervised release, Han committed a series of violations of the terms of his supervision. The district court revoked Han's supervision and sentenced him to 11 months in prison and 25 months supervision. Han only challenges the length and conditions of his supervision.

1. Han challenges the district court's imposition of two special conditions of supervised release requiring credit reporting and financial disclosure to his probation officer. Because Han did not object in the district court, we review the challenged supervised release conditions for plain error. *United States v. Bell*, 770 F.3d 1253, 1256 (9th Cir. 2014). Under these facts, assuming that the district court erred in imposing the special conditions, we cannot say that the re-imposition of the special conditions "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1257 (quoting *United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012)). The district court therefore did not plainly err in re-imposing the two special conditions.

2. Han challenges the imposition of a standard condition requiring him

to answer truthfully questions asked by the probation officer. Han argues the condition is impermissibly vague and overbroad. We review constitutional challenges to conditions *de novo*. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). The condition requires Han to tell the truth[1] – an unambiguous requirement. *See United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012). A requirement to tell the truth does not, by extension, authorize probation officers to ask questions wholly unrelated to the goals of supervised release. The term thus does not forbid or require "the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam) (internal citations and quotations omitted). Therefore, the condition is not unconstitutionally vague or overbroad.

3.      Han challenges the imposition of 25 additional months of supervision. We review the substantive reasonableness of a revocation sentence for abuse of discretion. *United States v. Reyes-Solosa*, 761 F.3d 972, 977 (9th Cir. 2014). The sentence was within the Sentencing Guidelines' range based on Han's violations and criminal history. *See* U.S.S.G. § 7B1.4(a). Under the totality of the circumstances present here, the district court did not abuse its discretion. *Id*.

---

[1] The requirement to tell the truth does not preclude Han from asserting his Fifth Amendment privilege if asked a question that would tend to incriminate him. *See United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772-73 (9th Cir. 2006).

**AFFIRMED.**