**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50036 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00157-JLS-1 |
| v. | |
| SAM AMADEO BATTANI, aka Allmad Avad Alhsaoiujesam, aka Sam Amadeo Battani, aka Wissam Ahmed El-Assadi, aka Wissam Ahmed Elassadi, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50040 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00166-JLS-1 |
| v. | |
| SAM AMADEO BATTANI, aka Allmad Avad Alhsaoiujesam, aka Wissam Ahmed El-Assadi, aka Wissam Ahmed Elassadi, | |
| Defendant-Appellant. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50050 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:16-cr-00854-JLS-1 |
| ADAM AMADEO BATTANI, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50053 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 8:16-cr-00157-JLS-2 |
| ADAM AMADEO BATTANI, aka Ayman Ahmed Assadi, aka Ayman Ahmed El-Assadi, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted August 14, 2019
Pasadena, California

2

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[**] District Judge.

Brothers Sam and Adam Battani ("Defendants") filed fraudulent tax returns in the names of deceased individuals and funneled the illegally obtained funds through bogus bank accounts. They appeal the sentences imposed following their guilty pleas to conspiracy to defraud the United States, fraudulent use of social security numbers, aggravated identity theft, and conspiracy to commit money laundering. They also appeal the sentences imposed upon revocation of supervised release, arising from their prior convictions for bank fraud, wire fraud, mail fraud, access device fraud, and money laundering.

The district court did not commit procedural error in applying sentencing enhancements. The court described different conduct for the sophisticated means and sophisticated money laundering enhancements. *See* U.S.S.G. § 2S1.1 cmt. n.5(B); *United States v. Joey*, 845 F.3d 1291, 1295–96 (9th Cir. 2017). For the sophisticated means enhancement, the district court focused on Defendants' efforts to set up the fraudulent scheme. For the sophisticated money laundering enhancement, the district court focused on Defendants' attempts to conceal the money after they had fraudulently obtained it.

---

[**] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Nor did the district court substantively err when it applied the sophisticated money laundering enhancement. Defendants admitted to transferring the fraudulent tax refunds from bogus accounts in the names of deceased individuals to bank accounts under their control, and then withdrawing the funds to purchase silver, write fraudulent checks, or transfer money overseas. This constitutes at least "two or more levels," or layering, of criminally derived funds. *See* U.S.S.G. § 2S1.1(b)(3) cmt. n.5(A).

The district court did not err in imposing the maximum sentence of 24 months because it properly weighed the 18 U.S.C. § 3583(e) factors. Defendants began their second money laundering scheme almost immediately after getting out of prison for their first money laundering scheme. The district court looked at Defendants history and concluded that they were an "extreme financial danger to the community," due to the circumstances of the offense. The district court was permitted to consider these factors under § 3583(e). *See United States v. Reyes-Solosa*, 761 F.3d 972, 974–75 (9th Cir. 2014). A high-end sentence was reasonable, especially because Defendants committed the "same offense that led to the imposition of the supervised release in the first place." *Id*. at 975.

Any error in assigning Sam Battani a criminal history point for his conviction under California Penal Code section 647(f) was harmless, because it did

not change his criminal history category or Sentencing Guidelines range. *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009).

The district court erred in imposing supervised release conditions 5, 6, and 14 because the wording in those conditions is unconstitutionally vague. *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018). *Evans* was decided after the district court imposed the sentence in this case. We therefore remand, as in *Evans*, for the correction of the challenged conditions of supervised release.

**AFFIRMED in part; REMANDED in part.**