**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DEQUANDRE RAYMONE DAVIS,<br><br>Defendant-Appellant. | No. 20-30220<br><br>D.C. No. 3:18-cr-00358-MO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 10, 2021[**]
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

Defendant Dequandre Raymone Davis timely appeals the sentence of 18

months' imprisonment imposed upon revocation of his supervised release.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Reviewing de novo the district court's interpretation of the Sentencing Guidelines, United States v. Staten, 466 F.3d 708, 713 (9th Cir. 2006), we affirm.

The district court correctly made the sentence consecutive to Defendant's 46-month sentence for illegally possessing a firearm. See U.S. Sent'g Guidelines Manual § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). Moreover, the district court clearly rested its decision on Defendant's many breaches of the court's trust, specifically, his serious and repeated violations of conditions of supervised release. See United States v. Hammons, 558 F.3d 1100, 1104 (9th Cir. 2009) ("[A]t a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust,' but may not punish him for the criminal conduct underlying the revocation" (internal quotation marks omitted)).

We reject Defendant's argument, raised for the first time on appeal, that Chapter 7 of the Sentencing Guidelines conflicts with 18 U.S.C. § 3583(e). The Guidelines recommend a consecutive sentence because of the defendant's breach of trust, and not as punishment for the offense itself. See U.S. Sent'g Guidelines

2

Manual Ch. 7, Pt. A, Intro. (3)(b) (providing that, because "the sentence imposed upon revocation would be intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, . . . the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct"). For that reason, a consecutive sentence does not run afoul of § 3583(e)'s requirement that a sentence upon revocation of supervisory release not punish the Defendant for the underlying offense. See United States v. Reyes-Solosa, 761 F.3d 972, 975 (9th Cir. 2014) ("The betrayal of trust warrants strong and independent corrective action").

**AFFIRMED.**