**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-444 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00048-PA-1 |
| v. | |
| DANIEL LOPEZ III, AKA Danny Boy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 3, 2024**
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER, District Judge.***

Defendant-Appellant Daniel Lopez, III appeals from the district court's

order revoking supervised release and sentencing him to a term of 21 months'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

imprisonment to run consecutive to the sentence for his felony conviction in a parallel criminal proceeding. We have jurisdiction over the district court's final sentence under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, *see United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023) (en banc), and we affirm.

1. On appeal, Lopez argues that the district court violated Rule 32.1 of the Federal Rules of Criminal Procedure, and his rights under the Due Process clause, by unnecessarily delaying sentencing in the supervised release matter. But before the district court, Lopez agreed to continue sentencing in the supervised release matter until after sentencing by a different judge in the parallel criminal matter. After sentencing was continued in both matters for several months, Lopez asked the court to sentence him immediately in the supervised release matter so that he could receive treatment for a medical condition. He did not argue that any continued delay in sentencing would violate Rule 32.1 or the Due Process clause. We therefore review these claims for plain error. *See* Fed. R. Crim. P. 52(b). Lopez acknowledges that plain error review applies to his remaining claims.

2. Under Rule 32.1(b)(2), "the court must hold the revocation hearing within a reasonable time . . . ." Even if we were to assume that under these circumstances delaying sentencing in the supervised release matter was unreasonable and thus error, it was not plain error. A plain error must be "clear or obvious"; it may not be "subject to reasonable dispute." *Puckett v. United States*,

556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. House*, 31 F.4th 745, 754 (9th Cir. 2022) (citation omitted).

There is no binding authority establishing that delaying sentencing for several months in a supervised release matter until after sentencing in a parallel criminal matter is unreasonable. In *United States v. Reyes-Solosa*, 761 F.3d 972 (9th Cir. 2014), we held that Rule 32.1 permits district courts to "continue post-revocation sentencing for a reasonable time to consider a supervised releasee's sentence in the underlying criminal proceeding as part of evaluating the supervised releasee's breach of trust." *Id.* at 976–77. Thus, the district court's rationale for delaying Lopez's revocation sentencing—to allow for the imposition of the underlying criminal sentence—was a "sound reason[]" for "continu[ing] a sentencing hearing." *Id.* at 976. And while in *Reyes-Solosa* we considered whether a three-week delay was reasonable under Rule 32.1, we did not suggest that three weeks, or any other specific time, was the outer limit for the Rule's "reasonable time" requirement. *Id.* Therefore, any error in this case as to the length of the continuance was "subject to reasonable dispute." *Puckett*, 556 U.S. at 135. The district court did not plainly err.

3. Lopez's due process argument independently fails because he has not

demonstrated "actual prejudice." *United States v. Santana*, 526 F.3d 1257, 1261 (9th Cir. 2008). "[O]ur cases considering due process claims for revocation proceedings have held that relief is not called for unless there was both unreasonable delay and prejudice." *Id.* at 1260. Lopez contends that he was prejudiced by the delay in sentencing due to his "pressing medical needs," and because he would have received concurrent sentences if he had been sentenced on the supervised release violation first, resulting in a "significantly lower" aggregate sentence.

Lopez has not shown actual prejudice based on his medical needs. He delayed for months before notifying either district judge about his pressing medical needs, and even after he eventually raised this issue with the court, he agreed to a two-week continuance of his sentencing hearing. And even if the district court had sentenced Lopez in the supervised release matter in December 2022, Lopez points to no evidence that suggests he would have received treatment immediately given that he had not been sentenced in the criminal case.

Lopez also has not shown any actual prejudice based on his consecutive sentences because he had no right to receive concurrent sentences. Indeed, a district court may defer supervised release sentencing "to consider the entire picture, including the sentence imposed for the underlying crime that caused the revocation." *Reyes-Solosa*, 761 F.3d at 976. Moreover, the Sentencing Guidelines

recommend "that a post-revocation sentence should be imposed consecutively to a criminal sentence: the 'sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct.'" *Id.* at 975 (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), introductory cmt.).

4. Lopez further argues that although the district court stated the Guidelines range at the preliminary hearing, it plainly erred by failing to restate that range at the sentencing hearing. Under plain error review, we may reverse only if Lopez demonstrates "a reasonable probability that he would have received a different sentence if the district court had expressly" reannounced the applicable Guidelines range. *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008). Lopez does not explain why there is "a reasonable probability that he would have received a different sentence," *id.*, if the district court had restated the applicable range. The district court stated that the range was "between 21 and 27 months of incarceration," and ultimately sentenced Lopez to the low end of that range—21 months' imprisonment. Lopez does not argue that the district court stated an incorrect range, or that the range had changed between the preliminary hearing and sentencing. Therefore, Lopez has not demonstrated a reasonable probability that his sentence would have been different if the district court had restated the applicable Guidelines range.

5. Finally, the district court did not indicate that the sentence it imposed

was for the purpose of rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319, 321 (2011) ("[T]he Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation."). But "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 334. Here, the district court stated that Lopez had "engaged in reckless and egregious conduct that is a danger to the public and himself" and that he had not been "deterred from future criminal behavior" despite having already served time in prison and in light of his violation of the supervised release conditions. The district court briefly referred to rehabilitation when explaining that the sentence was "sufficient but not greater than necessary" to comply with the sentencing purposes of 18 U.S.C. § 3553(a)(2). But the court did not suggest that it "selected the length of the sentence to ensure that [Lopez] could complete" any particular rehabilitation program. *Tapia*, 564 U.S. at 334. Accordingly, we conclude that there was no *Tapia* error.[1]

**AFFIRMED.**

---

[1] Lopez's unopposed request for judicial notice, Docket No. 20, and unopposed motion for leave to file a late presentence report, Docket No. 47, are granted.